# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DION C. PENNYWELL, | Case No. 17-CV-1964 (SRN/DTS) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JOSH SIMMONS, | |
| Defendant. | |

Plaintiff Dion C. Pennywell brings this action alleging that defendant Josh Simmons negligently repaired his truck. Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." There is no basis for federal subject-matter jurisdiction apparent from the complaint. This action must be dismissed.

Pennywell justifies having brought this action in federal court by alleging that diversity of citizenship exists between the parties. *See* Compl. at 3 [ECF No. 1]; 28 U.S.C. § 1332. But Pennywell also alleges that both he and Simmons are citizens of Louisiana. *See* Compl. at 3. This does not appear to be a scrivener's error; Louisiana addresses are provided for both parties, *id*. at 2-3, suggesting at a minimum that the parties reside in that state, and Pennywell has alleged in previous litigation in this District that he is also a citizen of Louisiana. *See, e.g.*, *Pennywell v. Catholic Charities of the Archdiocese of St. Paul and Minneapolis*, No. 16-CV-3347 (ADM/FLN) (D. Minn. complaint filed Oct. 3, 2016). Obviously, subject-matter jurisdiction cannot be grounded in the parties' diversity of citizenship when each is a citizen of the same state, as alleged by Pennywell. And because Pennywell's claims are grounded entirely in state law, he cannot pursue this action in

federal court on the basis that a question of federal law has been presented.[1]  *See* 28 U.S.C. § 1331. The Court lacks subject-matter jurisdiction, and this action must be dismissed without prejudice.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. Plaintiff Dion C. Pennywell's application to proceed *in forma pauperis* [ECF No. 2] be DENIED AS MOOT.

Dated: June 19, 2017

*s/ David T. Schultz*
David T. Schultz
United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

---

[1] The complaint does not attempt to invoke federal-question jurisdiction, but the cover sheet to the complaint lists several potential federal causes of action, including 42 U.S.C. § 1983.  *See* ECF No. 1-1.  None of these possibilities is colorable.  Even giving the broadest possible interpretation to the complaint, Pennywell presents causes of action (negligence, fraud, breach of contract, and breach of implied warranty) situated entirely within the domain of state law against a fellow private citizen.